1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10                        ----oo0oo----

11  STEVAN VALADEZ,
                                    NO. CIV. S-03-0433 WBS GGH
12          Plaintiff,

13      v.                          MEMORANDUM AND ORDER
                                    RE: MOTION FOR SUMMARY
14                                  JUDGMENT
    THE REGENTS OF THE UNIVERSITY
15  OF CALIFORNIA, DOES 1 through
    20, inclusive,
16
            Defendants.
17                        ----oo0oo----

18          Plaintiff brings this action against defendant Regents

19  of the University of California ("the Regents")[1] alleging: (1)

20  retaliation in violation of the First Amendment under 42 U.S.C. §

21  1983; (2) discrimination and harassment against a veteran in

22  violation of the Uniformed Services Employment and Re-employment

23  Rights Act, 38 U.S.C. §§ 4301 et seq. ("the USERRA"); and (3)

24
   _____
25      [1]    Although the case caption references several "Does,"
    plaintiff has not amended his complaint to add the names of any
26  person other than the Regents.  Also notable is that plaintiff
    addresses only his claims against the Regents in his opposition
27  to defendant's motion for summary judgment.   Therefore, the
    court analyzes plaintiff's claims as applying only to the Regents
28  as the lone defendant in this case.

                              1

1  other state-law claims.[2]  Plaintiff also argues that his

2  complaint raises a federal claim under the Family Medical Leave

3  Act (29 U.S.C. § 2601 et seq. ("the FMLA")), though defendant

4  denies this.  The court has jurisdiction based on 28 U.S.C. §

5  1331 (federal question) and 28 U.S.C. § 1367 (supplemental

6  jurisdiction).  The Regents now move for summary judgment on all

7  plaintiff's claims pursuant to Federal Rule of Civil Procedure

8  56.

9  I.    Factual and Procedural Background[3]

10        Plaintiff initially filed a complaint in this court

11 against defendant on or about June 17, 2002.  On September 26,

12 2002, both parties stipulated to dismiss that action without

13 prejudice.  An order approving the stipulation was signed by

14 Judge Levi on October 17, 2002.  Thereafter, plaintiff re-filed

15 the instant action in the Superior Court of California in and for

16 the County of Sacramento on November 15, 2002.  Defendant filed

17 an answer to plaintiff's state-court complaint on February 24,

18 2003.  On March 5, 2003, defendant removed this case to this

19 court pursuant to 28 U.S.C. § 1441(b).

20 ///

21 ///

22

23        [2]   These claims include: (1) race discrimination and
   harassment under the California Fair Employment and Housing Act
   ("FEHA"), Cal. Gov't Code § 12940; (2) disability discrimination
24 and harassment under the FEHA; (3) retaliation under the FEHA;
   (4) violation of  the California Family Rights Act, Cal. Gov't
25 Code § 12945.2; and (5) whistle-blower retaliation in violation
   of the California Labor Code § 1102.5.
26

27        [3]   All of these facts are undisputed.  (See Def.'s
   Separate Statement of Undisputed Material Facts in Supp. of Mot.
28 for Summ. J. ¶¶ 1-5).

2

II.  <u>Discussion</u>

        The court must grant summary judgment to a moving party "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The party adverse to a motion for summary judgment may not simply deny generally the pleadings of the movant; the adverse party must designate "specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986).

        A.    <u>Plaintiff's Complaint Does Not State a Federal Claim</u>
               <u>Under the FMLA</u>

        In plaintiff's response to defendant's separate statement of undisputed material facts in support of defendant's motion for summary judgment, ("Pl.'s Resp. to Def.'s SUF"), plaintiff asserts that there is a dispute as to whether his complaint raises a federal claim against defendant under the FMLA. (Pl.'s Resp. to Def.'s SUF ¶ 6).  However, defendant correctly points out that there is no legitimate dispute on that question.

        Plaintiff's complaint does mention "the Family Medical Leave Act" in the caption of her fifth claim for relief. (Acero Decl., Ex. GG (Pl.'s Compl.) at 8).  However, allegation 43 of plaintiff's complaint, which allegedly supports this claim for relief, states only that "Plaintiff was and is at all times herein an employee covered by [what plaintiff refers to as] the <u>State</u> Family Medical Leave Act" (<u>Id.</u> ¶ 43)(emphasis added), which

3

1  defendant evidently interpreted to mean the California Family

2  Rights Act, Cal. Gov't Code § 12945.2.  Plaintiff makes <u>no</u>

3  <u>allegation</u> anywhere in his complaint that he was covered by the

4  <u>federal</u> Family Medical Leave Act and never cites the federal

5  statute.  (<u>See</u> Acero Decl., Ex. GG (Pl.'s Compl.).

6         Furthermore, plaintiff's counsel signed the parties'

7  <u>joint</u> status report, which report specifically states that

8  "[p]laintiff will seek court approval to amend his complaint to

9  allege under federal law . . . [a] [v]iolation of the Family

10 Medical Leave Act/Retaliation (29 U.S.C. § 2601)."  (<u>See</u> Joint

11 Status Report signed and dated May 22, 2003 at 3).  Plaintiff

12 would have no need to seek leave to amend his complaint to assert

13 a claim that was already included in his complaint.  Therefore,

14 this unchallenged statement in the joint status report is

15 tantamount to an admission that plaintiff's complaint does not

16 state a federal claim under the FMLA.

17        This interpretation of plaintiff's complaint is further

18 bolstered by other statements in the joint status report

19 regarding the nature of plaintiff's claims and the grounds for

20 federal jurisdiction over this case.  In the section of the

21 report detailing a summary of plaintiff's claims, there is

22 mention of an allegation that "[d]efendant refused to provide

23 [plaintiff] with appropriate family or medical leave as required

24 by <u>California statutes</u> . . . ," but no mention of a refusal to

25 provide plaintiff with any leave required by the FMLA.  (<u>Id.</u> at

26 2)(emphasis added).  The joint status report also specifically

27 states that federal jurisdiction for this case arises under the

28 Federal Civil Rights Act of 1876 (42 U.S.C. § 1983) and the

USERRA (38 U.S.C. §§ 4301 <u>et seq.</u>).  (<u>See</u> <u>id.</u> at 4).  Nowhere in
the joint status report is there any reference to federal
jurisdiction based on the FMLA.

Plaintiff's response to defendant's telling citation to
the joint status report is simply that "defendant prepared it."
(Telfer Decl. ¶ 21).  Plaintiff does not dispute that his counsel
signed the joint status report.  Nor does he explain why he never
took issue with the reading of his complaint memorialized in that
report until now.  Furthermore, plaintiff had ample time to seek
leave to amend his complaint to include a federal claim under the
FMLA, but failed to do so.  His eleventh-hour request to have the
court read an amendment into his complaint now, at the summary
judgment stage, asks too much.  <u>See</u> <u>Gilmour v. Gates, McDonal &
Co.</u>, 382 F.3d 1312, 1315 (11th Cir. 2004)("A plaintiff may not
amend [his] complaint through argument in a brief opposing
summary judgment."); <u>Grayson v. O'Neill</u>, 308 F.3d 808, 817 (7th
Cir. 2002)(same).  Granting plaintiff's request would also unduly
prejudice defendant and likely compel the court to readjust its
scheduling order.  <u>See</u> <u>DCD Programs Ltd. v. Leighton</u>, 833 F.2d
183, 186 (9th Cir. 1987)(leave to amend may be denied if it would
cause opposing party undue prejudice or is sought in bad faith or
after undue delay).  Therefore, the court finds that plaintiff's
complaint does not state a federal claim under the FMLA.

B.   <u>First Amendment Claim Under § 1983</u>

Plaintiff states in his opposition that he does not
oppose the denial of his claim under 42 U.S.C. § 1983. (Pl.'s
Opp. to Def.'s Mot. for Summ. J. at 1).  Because defendant's
motion for summary judgment as to this claim is unopposed, the

1   court will grant summary judgment as to the claim.  See Henry v.

2   Gill Indus., Inc., 983 F.2d 943, 950 (9th Cir. 1993)(unopposed

3   motion for summary judgment may be granted where moving party's

4   papers are sufficient to support motion on their face).

5        C.   USERRA Claim

6            Defendant argues that plaintiff's USERRA claim is not

7   properly before this court for two reasons: (1) the court lacks

8   subject matter jurisdiction over the claim; and (2) the claim is

9   barred by the Eleventh Amendment (See Embury v. Kings, 361 F.3d

10  562 (9th Cir. 2004)).  Plaintiff argues that the court has

11  subject matter jurisdiction over the claim under USERRA and that

12  defendant waived any Eleventh Amendment immunity when it removed

13  this case to federal court.  However, the court notes that the

14  Eleventh Amendment question will be moot if the court determines

15  that it lacks jurisdiction over the claim in the first instance.

16  See Velazquez v. Frapwell, 165 F.3d 593, 594 (7th Cir.

17  1999)(vacating prior decision based on Eleventh Amendment

18  immunity and dismissing USERRA claim against state employer where

19  amendment to USERRA statute established lack of jurisdiction over

20  claim).  Therefore, the court will address defendant's argument

21  regarding subject matter jurisdiction first.

22           Defendant removed this case pursuant to 28 U.S.C. §

23  1441(a).  Under § 1441(a), "any civil action brought in a State

24  court of which the district courts of the United States have

25  original jurisdiction, may [generally] be removed by the

26  defendant . . . to the [proper] district court of the United

27  States. . . ."  However, "[t]he remand statute, 28 U.S.C. §

28  1447(c), requires a district court to remand a removed 'case' to

6

1  state court 'if at any time before final judgment it appears that
2  the district court lacks subject matter jurisdiction.'" <u>Lee v.</u>
3  <u>Am. Nat'l Ins. Co.</u>, 260 F.3d 997, 1006 (9th Cir. 2001).

4          Plaintiff is a person, and there is no dispute that
5  defendant is a state employer.  <u>See</u> <u>Velazquez</u>, 165 F.3d at
6  593(treating Trustees of Indiana University as state employer
7  under USERRA where court found Trustees to be arm of state); <u>BV</u>
8  <u>Eng'g v. University of Cal.</u>, 858 F.2d 1394, 1395 (9th Cir. 1988)
9  (both University of California and its Board of Regents are arms
10 of state).  Federal courts generally lack jurisdiction over
11 USERRA claims brought by persons against state employers.  This
12 is because Congress amended a section of the USERRA in 1998 in a
13 way that "unmistakably" evidences "Congress' intention to limit
14 USERRA suits [brought by persons] against states to state courts.
15 . . ."  <u>Velasquez</u>, 165 F.3d at 594(interpreting 38 U.S.C. §
16 4323(b)(2) in context of claim brought by person against state
17 employer); <u>see</u> <u>also</u> <u>Dew v. United States</u>, 192 F.3d 366 (2d Cir.
18 1999)(38 U.S.C. § 4323(b) grants state courts jurisdiction over
19 USERRA claims brought by persons against state employers);
20 <u>Larkins v. Dep't. of Mental Health, State of Ala.</u>, 1999 U.S. Dist
21 LEXIS 9137 *3-5 (D. Ala. Feb 3, 1999)(state court is now proper
22 forum for USERRA claims brought by persons against state
23 employers).

24         None of the authorities cited above addressing the
25 proper forum for a USERRA claim brought by a person against a
26 state employer are binding on this court, and the Ninth Circuit
27 has yet to reach the issue.  However, an examination of the text
28 of 38 U.S.C. § 4323 and the changes Congress made to that text in

1998 persuades this court that the authorities cited reach the
correct conclusion.  As noted in <u>Larkins</u>, 1999 U.S. Dist. LEXIS
at *3, prior to the 1998 amendment to § 4323, federal district
courts had jurisdiction over all USERRA claims against state
employers regardless of the plaintiff's status.  <u>See also</u> 38
U.S.C. § 4323, legislative notes(38 U.S.C. § 4323(b) used to
allow "an action against a State as an employer" to be brought in
"any district in which the State exercise[d] any authority or
carrie[d] out any function.").  This changed with the 1998
amendment.

     In that amendment, Congress clearly made the proper
forum for USERRA claims dependent on who sued whom.  The amended
statute specifically grants federal district courts jurisdiction
over USERRA claims brought by the United States against both
state and private employers and claims brought by persons against
private employers.[4]  However, "[i]n the case of an action <u>against
a State</u> (as an employer) <u>by a person</u>, . . ." the postamendment
statute states only that ". . . the action <u>may</u> be brought in a
State court of competent jurisdiction in accordance with the laws
of the State."  38 U.S.C. § 4323(b)(2)(emphasis added).

     One might argue that the permissive language used in §

_____

     [4]     In the case of an action against a State (as an
employer) or a private employer <u>commenced by the United States</u>,
the district courts of the United States shall have jurisdiction
over the action.

38 U.S.C. § 4323(b)(1)(emphasis added).

          In the case of an action <u>against a private employer by
a person</u>, the district courts of the United States shall have
jurisdiction of the action.

38 U.S.C. § 4323(b)(3)(emphasis added).

4323(b)(2) was not meant to exclude a person from bringing a USERRA claim against a state employer in <u>federal</u> court.  However, this argument is effectively defeated by the fact that, in the course of amending the statute, Congress removed the language from the preamendment statute allowing all actions against state employers to be brought in qualifying district courts.  <u>See</u> 38 U.S.C. § 4323, legislative notes(listing previous text of 38 U.S.C. § 4323(b)).  The argument is further undermined by the fact that the postamendment statute delimits venue only for USERRA claims brought either by the United States against a state employer or by anyone against a private party.  <u>See</u> 38 U.S.C. § 4323(c).[5]  Venue for USSERA claims brought by persons against state employers is conspicuously absent from the statute.  <u>Id.</u>  This omission makes sense when one considers that questions of venue are irrelevant to courts that lack subject matter jurisdiction over a given case.  Therefore, the court interprets § 4323(b)(2) in accordance with the other courts that have reached the issue and concludes that federal district courts lack original jurisdiction over USERRA claims brought by persons against a state employer.

Nevertheless, in this case, it is clear that the court

_____

[5]    Venue.–(1) In the case of an action <u>by the United States against a State (as an employer)</u>, the action may proceed in the United States district court for any district in which the State exercises any authority or carries out any function.

(2) In the case of an action <u>against a private employer</u>, the action may proceed in the United States district court for any district in which the private employer of the person maintains a place of business.

38 U.S.C. § 4323(c)(emphasis added).

1  had jurisdiction over plaintiff's § 1983 claim which arose under

2  federal law.  <u>See</u> 38 U.S.C. § 1331(granting federal courts

3  original jurisdiction over all claims arising under laws of

4  United States).  In cases like this one, where a court has

5  federal jurisdiction over one of several claims comprising a

6  single case, a jurisdictional bar against another claim does not

7  deprive the court of jurisdiction over the case.  <u>See</u> <u>Lee</u>, 260

8  F.3d at 1002-1003("[T]he presence of at least some claims over

9  which the district court has original jurisdiction is sufficient

10  to allow removal of an entire case, even if others of the claims

11  alleged are beyond the district court's power to decide.").

12  However, where a given claim is barred by federal law, the court

13  may remand that claim to state court.  <u>See</u> <u>Kruse v. Hawaii</u>, 68

14  F.3d 331, 334-35 (9th Cir. 1995)(adopting Sixth Circuit's

15  reasoning in <u>Henry v. Metro. Sewer Dist.</u>, 922 F.2d 332 (6th Cir.

16  1990), justifying postremoval remand of claims barred by Eleventh

17  Amendment and retention of other nonbarred federal claims).

18        The court is aware of a district court decision in this

19  Circuit which held that, where there is an independent basis for

20  federal jurisdiction, a district court <u>may</u> exercise supplemental

21  jurisdiction over a federally-created claim over which state

22  courts were given sole jurisdiction, even after dismissal of all

23  other nonbarred federal claims.  <u>Kinder v. Citibank</u>, 2000 U.S.

24  Dist. LEXIS 13853 *9 (S.D. Cal. Sep. 14, 2000).  However, the

25  court can find no Ninth Circuit or other authority <u>requiring</u> the

26  court to exercise such jurisdiction.

27        Because Congress has explicitly given state courts sole

28  jurisdiction over USERRA claims brought by persons against state

1  employers, the court determines that it would be unseemly to

2  exercise supplemental jurisdiction over plaintiff's USERRA claim.

3  Therefore, the court will exercise its discretion to remand

4  plaintiff's USERRA claim to state court.  Having thus resolved

5  the jurisdictional issue, the court need not address the parties'

6  arguments regarding waiver of Eleventh Amendment immunity.

7        D.    State-Law Claims

8              Following the final disposition of all federal claims

9  in an action that includes pendent state claims, "[i]t is

10 generally within a district court's discretion either to retain

11 jurisdiction to adjudicate the pendent state claims or to remand

12 them to state court."  Harrel v. 20th Century Ins., 934 F.2d 203,

13 205 (9th Cir. 1991)(citations omitted).  Both plaintiff's federal

14 claims have been disposed of in this action.  Because California

15 courts are a better forum for resolving plaintiff's state-law

16 claims, the court will remand those claims to state court.[6]

17             IT IS THEREFORE ORDERED that:

18             (1) defendant's motion for summary judgment as to

19 plaintiff's § 1983 claim be, and the same hereby is, GRANTED; and

20             (2) plaintiff's USERRA claim and remaining state-law

21 claims be, and the same hereby are, REMANDED to state court.

22 DATED: June 29, 2005

23

24                                _____

25                                WILLIAM B. SHUBB
                                 UNITED STATES DISTRICT JUDGE

26 _____

27        [6]     Because the court has disposed of all plaintiff's
   claims on jurisdictional grounds, it need not reach the substance
   of plaintiff's evidentiary objections, which only go to the
28 merits of her claims.

11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28