UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

STEVAN VALADEZ,

        Plaintiff,

   v.

THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, DOES 1 through 20, inclusive

        Defendants.

NO. CIV. S-03-0433 WBS GGH

ORDER RE: COSTS

----oo0oo----

On June 29, 2005, the court entered final judgment in favor of defendant. The court granted summary judgment to defendant[1] on plaintiff's 42 U.S.C. § 1983 claim, and remanded plaintiff's remaining claims to state court. Defendant initially submitted a bill of costs totaling $16,214.45. In its reply, defendant concedes the merit of some of plaintiff's objections and lowers that total to $14,044.45.

Plaintiff objects to the amount submitted on four

---

[1] The court uses "defendant" instead of "defendants" because the Does were never named.

1

grounds: (1) defendant's bill of costs is untimely; (2) defendant is not the prevailing party; (3) equitable principles weigh in favor of not awarding costs to defendant; and (4) witness fees and fees for service are improperly charged.

Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Rule 54-292(f) govern the taxation of costs to losing parties, subject to limits set under 28 U.S.C. § 1920. See 28 U.S.C. § 1920 (enumerating taxable costs); Fed. R. Civ. P. 54(d)(1) ("costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ."); L.R. 54-292(f); Crawford Fitting Co. v. J.T. Gibbons, 482 U.S. 437, 441 (1987)(limiting taxable costs to those enumerated in 28 U.S.C. § 1920). There is a strong presumption in favor of awarding costs to the prevailing party. Miles v. State of California, 320 F.3d 986, 988 (9th Cir. 2003). The district court has discretion to determine what constitutes a taxable cost within the meaning of 28 U.S.C. § 1920. Amarel v. Connell, 102 F.3d 1494, 1523 (9th Cir. 1996). The losing party has the burden of overcoming the presumption in favor of awarding costs to the prevailing party. Russian River Watershed Protection Comm. v. City of Santa Rosa, 142 F.3d 1136, 1144 (9th Cir. 1998).

Defendant's bill of costs was timely submitted. Final judgment was entered on June 29, 2005, and the bill of costs was filed on July 13, 2005. Local Rule 54-292 provides that the cost bill is to be submitted within ten days of judgment. Federal Rule of Civil Procedure 6(e) permits the party submitting a cost bill electronically an additional three days. Federal Rule of

2

1 Civil Procedure 6(a) provides that "[w]hen the period of time
2 prescribed or allowed is less than 11 days, intermediate
3 Saturdays, Sundays, and legal holidays shall be excluded in the
4 computation."  The rule in this circuit is that Rule 6(a),
5 eliminating federal holidays and weekends from the computation of
6 time, is applied before Rule 6(e), which adds three days for
7 electronic service.  <u>Tushner v. United States Dist. Court For the</u>
8 <u>Cent. Dist. Of Cal.</u>, 829 F.2d 853, 855 (9th Cir. 1987).  The
9 court takes notice that July 2, 3, 4, 9, 10, 16, and 17, 2005 are
10 therefore all excluded from the computation under Local Rule 54-
11 292 and Federal Rule of Civil Procedure 6.  Therefore,
12 defendant's bill of costs was timely submitted.

13          Defendant is also the prevailing party.  "There is a
14 'prevailing party' when there has been a 'material alteration of
15 the legal relationship of the parties.'"  <u>Miles</u>, 320 F.3d at
16 989(quoting <u>Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of</u>
17 <u>Health and Human Res.</u>, 532 U.S. 598, 603 (2001)).  Here, the
18 legal relationship between the two parties was altered in
19 defendant's favor when the court granted summary judgment to
20 defendant on plaintiff's § 1983 claim.

21          Plaintiff's third argument is that it would be
22 inequitable to award costs to defendant.  According to
23 plaintiff's attorney, and not plaintiff himself,

24    [p]laintiff is unemployed and has been unemployed since his
    termination in 2004.  He is currently on social security and
25    does not earn an income.  To award a costs bill against him
    especially when the information defendant learned through
26    discovery will be used to defend the state court action
    would be inequitable and a great hardship to him.
27
28 (Telfer Decl. in Supp. of Pl's Objections to Def.'s Cost Bill ¶

3

7). Plaintiff's attorney does not state plaintiff's net worth.

"[L]imited financial resources of a plaintiff may be considered when making costs awards." Wrighten v. Metro. Hosps., Inc., 726 F.2d 1346, 1358 (9th Cir. 1984). There is an emerging consensus among courts that consider this issue that, to overcome the strong presumption in favor of awarding costs, the losing party must document his inability to pay. In Chapman v. AI Transport, the Eleventh Circuit held that a non-prevailing party's financial status may be considered by the district court in awarding costs. 229 F.3d 1012, 1039 (2000). However, "[i]f a district court in determining the amount of costs to award chooses to consider the non-prevailing party's financial status, it should require substantial documentation of a true inability to pay." Id.(citing McGill v. Faulkner, 18 F.3d 456, 459 (7th Cir. 1994)(non-prevailing party offered no documentary support, relying instead on unsupported, self-serving statements); Cherry v. Chamption Int'l Corp., 186 F.3d 442, 447 (4th Cir. 1999)(no reduction in cost award despite proof that plaintiff had no independent income and owned no property in her own name because she had sufficient access to marital property and a 401(k) plan)); see also Wyne v. Medo Indus., 329 F.Supp.2d 584, 588 (D. Md.)("Merely stating that one is of 'modest means' is insufficient to overcome the presumption that the losing party must pay the prevailing party's costs."); Richins v. Deere and Co., 2004 WL 3413123 at *2 (D.N.M. Oct. 21, 2004)(showing of inability to pay can only be made by "providing actual documentation" and "a party must show more than a drop in income"); Young v. Trinity Property Consultants, LLC, 2004 WL

2042902 at *2-3 (N.D. Cal.)(plaintiff provided evidence of low income and high expenses, but absent documentation of net worth, court would not deny or reduce costs to prevailing party).

In this case, the only evidence before the court that purports to represent plaintiff's condition is plaintiff's attorney's statement. This statement by itself lacks foundation. See Fed. R. Evid. 602("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). Does plaintiff's attorney know of plaintiff's status as unemployed and on social security, because he told her, because she has reviewed documents, or because she is guessing? The source of plaintiff's attorney's unsupported conclusion remains unknown.

Furthermore, defendant correctly points out that the fact that a person is presently receiving social security payments and is unemployed does not necessarily mean that that person is indigent, or even that the person is poor. Plaintiff may have other sources of income or may have enough net worth to be able to comfortably pay costs. Plaintiff has not shown otherwise.

The court next considers plaintiff's specific objections to defendants' bill of costs. Plaintiff argues that the expert witness fees charged by Dr. Jo Danti and the airfare of witness Victoria Simmons are not recoverable. Plaintiff further argues that the costs of serving subpoenas are not recoverable.

Defendant concedes that the entire $2,250 witness fee paid to Dr. Danti is not recoverable. However, 28 U.S.C. §

1821(b) allows a party to collect $40 for each day's attendance. Therefore, defendant may collect $80 for Dr. Danti's two days of appearances.  Travel expenses are also recoverable, provided the witness "utilize[s] a common carrier at the most economical rate reasonably available."  28 U.S.C. § 1821(c)(1).  Here, defendant provides a receipt for Simmons' air travel using Southwest Airlines between Los Angeles and Sacramento in the amount of $220.20.  Because defendant does not document the $5 Simmons incurred in parking fees, the court reduces the fee award by this amount.

"[P]rivate process servers' fees are properly taxed as costs."  <u>Alflex Corp. v. Underwriters Labs., Inc.</u>, 914 F.2d 175, 178 (9th Cir. 1990).  Therefore, plaintiff's objection on this ground is without merit.

After reviewing the bill, the court finds the following costs taxable:

| | |
|---|---|
| Fees of the court reporter | $12,221.74 |
| Fees for witnesses | $   300.20 |
| Fees for copies and service of process | $ 1,367.67 |
| Docket fees | $   150.00 |

Accordingly, costs of **$14,039.61** will be allowed.

IT IS SO ORDERED.

DATED:  August 17, 2005

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

6